IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO. WR-44,260-04






EX PARTE STEVEN RAY CLINE, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS

CAUSE NO. 9451 IN THE 33rd JUDICIAL DISTRICT COURT 

BURNET COUNTY




 Per Curiam.

 O R D E R


 This is an application for a writ of habeas corpus which was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. 
Applicant was convicted of the offense of driving while intoxicated, and punishment was
assessed at twenty years' confinement. No direct appeal was taken.

 Applicant contends that he was denied his right to appeal. Specifically, Applicant
claims that he thought a notice of appeal was timely filed, but maintains that he learned it was 
due to no fault of his own. 

 The trial court has entered findings of fact or conclusions of law finding that "that the
appeal was not perfected and that the same was through no fault of the defendant and that he
should be granted the right to an out of time appeal." However, we do not believe that those
factual findings are sufficient to completely resolve the issues presented. Counsel should
have notice of the allegations against him and an opportunity to respond before he is
adjudged to have rendered ineffective assistance of counsel. Because Applicant has stated
facts requiring resolution and because this Court cannot hear evidence, it is necessary for the
matter to be remanded to the trial court for resolution of those issues. The trial court may
resolve those issues as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it shall
order affidavits, depositions, or interrogatories from counsel or it may order a hearing. In
the appropriate case the trial court may also rely on its personal recollection. 

 If the trial court elects to hold a hearing, it shall first decide whether Applicant is
indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 The trial court should then make findings of fact as to whether Applicant was deprived
of his right to appeal due to the ineffective assistance of his counsel. The trial court should
also make any further findings of fact and conclusions of law it deems relevant and
appropriate to the disposition of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294
(Tex.Crim.App. 1960), this application for a post-conviction writ of habeas corpus will be
held in abeyance pending the trial court's compliance with this order. The trial court shall
resolve the issues presented within 90 days of the date of this order. (1) A supplemental
transcript containing any affidavits, the transcription of the court reporter's notes from any
interrogatories or hearings held, along with the trial court's findings of fact and conclusions
of law, shall be returned to this Court within 120 days of the date of this order. (2)


 IT IS SO ORDERED THIS THE 14th DAY OF December, 2005.





EN BANC

DO NOT PUBLISH 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period should be obtained from this Court.